STATE OF NORTH CAROLINA v. BELVA PHIPPS RICHARDSON

No. 896SC1130

(Filed 4 September 1990)

**1. Criminal Law § 34.4 (NCI3d)— admissibility of evidence of other offenses**

Evidence of other offenses is admissible so long as it is relevant to any fact or issue other than the character of the accused.

**Am Jur 2d, Evidence § 321.**

2. **Criminal Law § 34.8 (NCI3d)— soliciting arson—evidence of other solicitations of crimes—admissibility to show common plan**

In a prosecution of defendant for soliciting two youths to commit arson and conspiracy to commit arson, evidence that defendant had previously solicited these same youths to commit other crimes and had provided transportation for them was admissible to show a common plan or scheme. N.C.G.S. § 8C-1, Rule 404(b).

**Am Jur 2d, Evidence § 326.**

3. **Criminal Law § 34.7 (NCI3d)— planning of another crime— admissibility to show motive**

Testimony by an arson victim that she quit being friends with defendant when defendant said she wanted to find someone to kill her husband was admissible to show defendant's motive in soliciting the burning of the victim's mobile home.

**Am Jur 2d, Evidence § 325.**

4. **Criminal Law § 39 (NCI3d)— defendant's planning of another crime—admission for rebuttal purpose**

In a prosecution of defendant for solicitation of youths to burn the victim's mobile home and conspiracy to commit arson, testimony concerning defendant's plan to have her own mobile home burned by youths was admissible to explain or rebut evidence previously elicited by defendant even though it might not otherwise have been admissible.

**Am Jur 2d, Evidence § 321.**

5. **Criminal Law § 89.3 (NCI3d)— prior statements of witness— admissibility for corroboration**

Statements made to a detective by a youth allegedly solicited by defendant to burn the victim's mobile home that he was "tired of what [defendant] had had him doing" and that he was ready to "get out of the stealing and burning" were admissible to corroborate testimony by the youth at trial that he had told detectives that defendant had had him steal and set a fire for her, although the statements went beyond the testimony of the youth, since they added credibility or weight to his testimony.

**Am Jur 2d, Witnesses § 641.**

**6. Criminal Law § 39 (NCI3d)— statements concerning stealing for defendant—admissibility for rebuttal purpose**

In a prosecution for solicitation and conspiracy to commit arson, a detective's testimony as to statements by a youth allegedly solicited to burn the victim's mobile home concerning his "stealing" for defendant was properly admitted to rebut defendant's evidence that the youth was making up the statements about defendant's role in the burning of the mobile home in order to extricate himself from his own legal troubles.

**Am Jur 2d, Witnesses § 641.**

**7. Criminal Law § 3 (NCI4th); Conspiracy § 8 (NCI3d)— solicitation and conspiracy to commit arson—no double jeopardy**

Defendant's right to be free from double jeopardy was not violated by her convictions for both solicitation to commit arson and conspiracy to commit arson since solicitation is not a lesser included offense of conspiracy and the elements of the two crimes are different.

**Am Jur 2d, Conspiracy § 37; Criminal Law §§ 161, 162, 277, 278.**

APPEAL by defendant from judgment entered 16 May 1989 in NORTHAMPTON County Superior Court by *Judge J. Herbert Small*. Heard in the Court of Appeals 31 May 1990.

Defendant was charged with first degree arson, attempted burning of personal property, soliciting arson and conspiracy to commit arson. The evidence at trial tended to show that on 14 April 1988 a mobile home, in which Betty Avent was living, was set on fire. Portions of the exterior were charred and there was smoke throughout but nothing inside the mobile home burned and none of the residents were injured. There was a strong smell of gasoline at the rear of the mobile home after the fire was extinguished.

The fire was set by Tracy Davis, then age 16, and Acey Whitaker, then age 18. They poured gasoline from gallon jugs on the mobile home and on Avent's car which was parked nearby. Davis then lit the match that started the fire. Davis and Whitaker testified that defendant had driven them to Avent's trailer and dropped them off. After setting the fire, they ran to a nearby truckstop where defendant was waiting to pick them up. The State's

evidence tended to show that defendant solicited Davis and Whitaker to burn Avent's mobile home because of a conflict which had arisen between defendant and Avent.

Davis and Whitaker were charged with first degree arson, attempted burning of personal property, and conspiracy to commit arson. In exchange for their testimony at defendant's trial, they were allowed to plead guilty to second degree arson and conspiracy to commit arson.

At the close of the State's evidence, the trial court dismissed the charge of attempted burning of personal property. The jury acquitted defendant of first degree arson, but convicted her of solicitation to commit arson and conspiracy to commit arson. Defendant was sentenced to consecutive sentences of six years for the solicitation charge and ten years for the conspiracy charge. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Norma S. Harrell, for the State.*

*Glover & Petersen, P.A., by Ann B. Petersen and James R. Glover; and Johnson and Jones, by Bruce C. Johnson, for defendant-appellant.*

WELLS, Judge.

Defendant first contends that the trial court erred in admitting testimony that she had committed several other alleged criminal offenses. Defendant's contention is that the evidence of these other alleged crimes, wrongs, or acts should have been excluded pursuant to N.C. Gen. Stat. § 8C-1, Rule 404 of the N.C. Rules of Evidence (1988).

After a *voir dire* hearing, Betty Avent was allowed to testify that in the ten-month period preceding the burning of her mobile home, defendant had encouraged Whitaker and Davis to commit crimes for defendant's benefit and had provided transportation for Davis in order that the unlawful acts could be carried out. Specifically, defendant objects to Avent's testimony that Davis shoplifted from stores in Rocky Mount after being told to do so by defendant; that Davis — again at defendant's urging — spray painted the car of a motel clerk with whom defendant had had a disagreement; and that defendant had asked Whitaker to burn her [defendant's] mobile home because she did not want it to be repossessed.

Under Rule 404(b) "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." G.S. § 8C-1, Rule 404(b). However, such evidence may be admissible for other purposes, including "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." *Id.* Evidence of other crimes is not limited to the exceptions set out in the rule. *State v. Weaver*, 318 N.C. 400, 348 S.E.2d 791 (1986); *see also State v. Rosier*, 322 N.C. App. 826, 370 S.E.2d 359 (1988). (Evidence of other offenses showing common scheme or plan to commit the offense with which defendant was charged held relevant and admissible pursuant to Rule 404(b).)

[1] Recent cases decided by our Supreme Court have made clear that since the enactment of the North Carolina Rules of Evidence, effective 1 July 1984, evidence of other offenses is admissible so long as it is relevant to any fact or issue other than the character of the accused. *See, e.g., State v. Coffey*, 326 N.C. 268, 389 S.E.2d 48 (1990), and cases cited therein. Even though evidence may tend to show other crimes, wrongs, or acts by defendant and his propensity to commit them, it is nevertheless admissible so long as it is also relevant for some other purpose. *Id.* (citations omitted). Relevant evidence is any evidence which has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. N.C. Gen. Stat. § 8C-1, Rule 401 of the N.C. Rules of Evidence (1988). When incidents are offered for a proper purpose, the ultimate test of admissibility is whether they are sufficiently similar and not so remote in time as to be more probative than prejudicial under the balancing test of Rule 403 of the N.C. Rules of Evidence. N.C. Gen. Stat. § 8C-1, Rule 403 of the N.C. Rules of Evidence (1988); *State v. Cotton*, 318 N.C. 663, 351 S.E.2d 277 (1987). In the present case the trial court concluded that the evidence was admissible under Rule 404(b) for the purpose of showing defendant's intent, plan, design, or mode of operation and that its probative value outweighed its prejudicial effect.

[2] Defendant denied asking Davis and Whitaker to burn Avent's trailer; therefore, evidence that defendant had, on previous occasions, solicited or attempted to solicit Davis or Whitaker to commit crimes was relevant and admissible as probative of a common plan or design (scheme) on the part of defendant to solicit others to do unlawful acts for her benefit. These incidents are very similar

to the offenses with which defendant is charged in that the same youths were solicited to do some act that defendant wanted carried out and, on the occasions when the acts were carried out, defendant provided necessary transportation. Additionally, all of the events took place within a ten-month period; therefore, remoteness is not an issue. Under these circumstances we hold that the evidence was sufficiently similar to justify its admission as proof of a common plan or scheme.

Finally, defendant has not shown that the evidence should have been excluded under the balancing test of Rule 403. The trial court specifically admitted evidence of the alleged prior offenses for the limited purpose of considering whether there existed in defendant's mind a plan, scheme or design involving the crimes charged. The jury was so instructed prior to beginning their deliberations. This argument is overruled.

[3] Defendant also contends that Avent should not have been allowed to testify that she [Avent] quit being friends with defendant when defendant said she wanted to find someone to kill her [defendant's] husband. We disagree. Avent's testimony that defendant planned to have her own husband killed was relevant to show the relationship between defendant and Avent and was also admissible as probative of defendant's possible motive in soliciting the burning of Avent's mobile home. The State's theory was that defendant solicited Whitaker and Davis to burn Avent's mobile home because of a dispute that had arisen between defendant and Avent. Evidence showing how the relationship between defendant and Avent deteriorated from one of friendship and confidence sharing to one of animosity was therefore relevant and admissible.

[4] Defendant also contends that testimony from two other witnesses regarding other alleged crimes, wrongs, or acts was improperly admitted. We have reviewed these assignments and find them to be without merit. On two separate occasions testimony concerning defendant's plan to have her own mobile home burned — either by Whitaker or two other youths — was elicited by the State. Both times this testimony was offered to explain or rebut evidence previously elicited by defendant. It is well settled that when one party introduces evidence as to a particular fact or transaction, the other party is entitled to introduce evidence in explanation or rebuttal thereof, even though such later evidence would be in-

competent or irrelevant had it been offered initially. *State v. Albert*, 303 N.C. 173, 277 S.E.2d 439 (1981).

[5] In her next assignment of error, defendant contends that the trial court erroneously admitted into evidence oral out-of-court statements made by Davis to two police detectives. Defendant argues that the testimony was not admissible as corroborative evidence because it went beyond Davis' earlier testimony. We deal first with the testimony of Detective Wardie Vincent.

After Davis had testified, Detective Vincent testified over objection that Davis had told him that he was "tired of what Belva had had him doing and he was ready to get out of it" and that he was ready to "get out of the stealing and burning." The trial court instructed the jury to consider the statements only for the purpose of corroborating Davis' previous testimony. Davis had previously testified that when he was picked up by the detectives for an unrelated offense that he had also told them that defendant "has [him] steal for her and stuff and she had [him] set a fire" and that he "told [Vincent] about [defendant], everything that had been going on." The prior statement of a witness need not merely relate to specific facts brought out in the witness's trial testimony to be corroborative. *State v. Ramey*, 318 N.C. 457, 349 S.E.2d 566 (1986). As long as facts not referred to in the trial testimony add weight or credibility to the testimony, they are corroborative and therefore properly admissible. *Id.* This prior statement of Davis tended to add strength and credibility to his trial testimony and its admission was not error.

[6] The testimony of Detective Warren concerning prior statements made by Davis concerning his "stealing for Belva Richardson" presents a different question. There was no instruction limiting Detective Warren's testimony to corroboration. The State contends, however, that this testimony was not offered for corroboration, but in rebuttal to defendant's evidence that Davis was making up the statements about defendant and her role in the burning of Avent's trailer because Davis hoped that by doing so he could extricate himself from his own legal trouble. We conclude that Detective Warren's testimony was admissible as rebuttal evidence. *See State v. Albert, supra.* Even if it were error to admit Warren's testimony, defendant has not met her burden of showing that the error was so prejudicial that had it not been admitted a different

STATE v. RICHARDSON

[100 N.C. App. 240 (1990)]

result would likely have been reached. *See* N.C. Gen. Stat. § 15A-1443 (1978).

**[7]** In her final assignment of error defendant contends that her convictions for both solicitation to commit arson and conspiracy to commit arson violate her constitutional right to be free from double jeopardy. We note that defendant did not raise this question in the trial court. Appellate courts will not ordinarily consider a constitutional question raised for the first time on appeal. *State v. Swann*, 322 N.C. 666, 370 S.E.2d 533 (1988). However, we proceed to address this additional issue in the exercise of our supervisory jurisdiction. *Id.* Defendant contends that soliciting arson is essentially an invitation to enter into a conspiracy to commit arson and that solicitation by its nature is a lesser included offense of conspiracy.

Soliciting another person to commit a felony is a crime in North Carolina. *State v. Furr*, 292 N.C. 711, 235 S.E.2d 193, *cert. denied*, 434 U.S. 924, 98 S.Ct. 402, 54 L.Ed.2d 281 (1977). Counseling, enticing or inducing another to commit a crime is the gravamen of the crime of solicitation. *Id.* Solicitation is complete when the request to commit a crime is made, regardless of whether the crime solicited is ever committed or attempted. *State v. Mann*, 317 N.C. 164, 345 S.E.2d 365 (1986). Conspiracy, on the other hand, is the agreement of two or more persons to do an unlawful act or to do a lawful act by an unlawful means. *State v. Looney*, 294 N.C. 1, 240 S.E.2d 612 (1978). The reaching of an agreement is an essential element of conspiracy. *Id.* It is certainly possible to solicit another to commit a crime without the agreement essential to a conspiracy ever being reached. *See, e.g., Looney, supra* (Conspiracy is not a lesser included offense of accessory before the fact based on similar reasoning). We therefore hold that solicitation is not a lesser included offense of conspiracy, the elements of the two crimes in question are different, and no problem with double jeopardy arises on these facts.

For the reasons stated above, we hold that defendant received a fair trial, free from prejudicial error.

No error.

Judges PARKER and DUNCAN concur.