A jury convicted Tellys Quanteas Fletcher of trafficking in cocaine, specifically, of having actual or constructive possession of 28 grams or more of a mixture containing cocaine. Ala. Code 1975, § 13A-12-231 (2). The trial court sentenced Fletcher to 12 years in prison. The Court of Criminal Appeals upheld the conviction and the sentence without an opinion.Fletcher v. State, (No. CR-95-1275) 689 So.2d 1017
(Ala.Crim.App. 1996) (table). Because we hold that the legal substances found with the cocaine did not combine with the cocaine so as to create a "mixture" and, thus, cannot be weighed with the cocaine to meet the 28-gram threshold of § 13A-12-231 (2), we reverse and remand. *Page 1133 
The Huntsville Police Department apprehended a suspect on his way to make a delivery of over 144 grams of crack cocaine to Fletcher. With the cooperation of this suspect, the investigators organized a controlled delivery to Fletcher. They purchased unscented gold-colored Dial soap, which is approximately the same color as crack cocaine. The investigators broke the soap into two pieces and put it into a bag with a piece of real crack cocaine from the police department's inventory.
While investigators monitored the location where the controlled delivery was to take place, Fletcher and another suspect entered the informant's car. After waiting a couple of minutes, the investigators approached the car. Fletcher was found in the backseat, next to the bag containing the cocaine. Fletcher was arrested and indicted for trafficking in cocaine.
At trial, Ed White, a forensic scientist with the State of Alabama Department of Forensic Sciences, testified that he was given a bag containing two types of substances to analyze in reference to this case. He determined that one of the substances was crack cocaine, weighing 7.01 grams. The other substance consisted of two pieces of solid bar soap: one weighing 7.9 grams, and the other weighing 56.72 grams. The combined weight of both substances contained in the bag was 71.63 grams.
The trial court instructed the jury on the offense of trafficking in cocaine and on the lesser-included offense of unlawful possession of a controlled substance. The jury convicted Fletcher of trafficking in cocaine, in violation of §13A-12-231 (2). That section provides in pertinent part:
 "Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine or of any mixture containing cocaine, described in Section 20-2-25(1), is guilty of a felony, which felony shall be known as `trafficking in cocaine.'"
(Emphasis added.)
Fletcher contends that the trial court erred in counting the 64.62 grams of bar soap with the 7.01 grams of crack cocaine for purposes of meeting the 28-gram threshold of § 13A-12-231
(2). Specifically, he argues that the broken pieces of bar soap and the crack cocaine do not constitute a "mixture" as required by § 13A-12-231 (2). The State argues that the term "mixture" is to be given a broad definition to cover any combination of cocaine with another substance.
 I. Definition of "Mixture"
The dispositive issue in this case is what constitutes a "mixture" for purposes of § 13A-12-231 (2). Neither the Code of Alabama 1975 nor this Court's cases define "mixture" for purposes of drug-trafficking crimes.[1] Accordingly, we look to the courts of other jurisdictions for assistance. In Chapman v.United States, 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524
(1991), the Supreme Court of the United States held that the term "mixture or substance," as used in the federal drug-trafficking statutes, included blotter paper into which a detectable amount of lysergic acid diethylamide ("LSD") had been absorbed.[2] The Supreme Court explained: *Page 1134 
 "Neither the statute nor the Sentencing Guidelines define the terms `mixture' and `substance,' nor do they have any established common-law meaning. Those terms, therefore, must be given their ordinary meaning. . . . A `mixture' is defined to include `a portion of matter consisting of two or more components that do not bear a fixed proportion to one another and that however thoroughly commingled are regarded as retaining a separate existence.' Webster's Third New International Dictionary 1449 (1986). A `mixture' may also consist of two substances blended together so that the particles of one are diffused among the particles of the other. 9 Oxford English Dictionary 921 (2d ed. 1989). LSD is applied to blotter paper in a solvent, which is absorbed into the paper and ultimately evaporates. After the solvent evaporates, the LSD is left behind in a form that can be said to `mix' with the paper. The LSD crystals are inside of the paper, so that they are commingled with it, but the LSD does not chemically combine with the paper. Thus, it retains a separate existence and can be released by dropping the paper into a liquid or by swallowing the paper itself. The LSD is diffused among the fibers of the paper. Like heroin or cocaine mixed with cutting agents, the LSD cannot be distinguished from the blotter paper, nor easily separated from it. Like cutting agents used with other drugs that are ingested, the blotter paper, gel, or sugar cube carrying LSD can be and often is ingested with the drug."
Chapman, 500 U.S. at 461-62, 111 S.Ct. at 1925-26 (emphasis added) (citation and footnote omitted). In response to the argument that the dictionary definition of "mixture" should be rejected because it would allow containers, such as glass vials or even an automobile in which the illegal drugs were being transported, to be counted, the Supreme Court stated:
 "[S]uch nonsense is not the necessary result of giving the term `mixture' its dictionary meaning. The term does not include LSD in a bottle, or LSD in a car, because the drug is easily distinguished from, and separated from, such a `container.' The drug is clearly not mixed with a glass vial or automobile; nor has the drug chemically bonded with
the vial or car. It may be true that the weights of containers and packaging materials generally are not included in determining a sentence for drug distribution, but that is because those items are also clearly not mixed or otherwise combined with
the drug."
Chapman, 500 U.S. at 462-63, 111 S.Ct. at 1926 (emphasis added).
Similarly, our cases provide that "[w]ords must be given their natural, ordinary, commonly understood meaning, and where plain language is used, the court is bound to interpret that language to mean exactly what it says." Ex parte State Dep't of Revenue,683 So.2d 980, 983 (Ala. 1996); IMED Corp. v. Systems Eng'gAssocs. Corp., 602 So.2d 344, 346 (Ala. 1992). Thus, we hold that for purposes of § 13A-12-231 (2), a "mixture" consists of two or more substances blended together so that the particles of one substance are diffused among the particles of the other(s) and yet each substance retains its separate existence. Where an illegal drug is commingled with, or diffused among, legal substances, the weight of the entire mixture should be counted. See Clark v. State, 562 So.2d 620 (Ala.Crim.App. 1989) (holding that the commingling of white powder consisting of mannitol, a legal substance, with white powder consisting of cocaine, an illegal drug, was a "mixture"). Where, however, an illegal drug is easily distinguished from and easily separable from legal substances, only the weight of the illegal drug should be counted.
Fletcher argues further that this Court should adopt the "usability" concept embodied in the commentary to the federal Sentencing Guidelines to more strictly define a "mixture." Application note 1 in the commentary to 18 U.S.C.S. app. §2D1.1.(a), as amended in 1993, states:
 "`Mixture or substance' as used in this guideline has the same meaning as in 21 U.S.C. § 841, except as expressly provided. Mixture or substance does not include materials that must be separated from the controlled substance before the *Page 1135 controlled substance can be used. Examples of such materials include the fiberglass in a cocaine/fiberglass bonded suitcase, beeswax in a cocaine/beeswax statue, and waste water from an illicit laboratory used to manufacture a controlled substance. If such material cannot readily be separated from the mixture or substance that appropriately is counted in the Drug Quantity Table, the court may use any reasonable method to approximate the weight of the mixture or substance to be counted.
 "An upward departure nonetheless may be warranted when the mixture or substance counted in the Drug Quantity Table is combined with other, non-countable material in an unusually sophisticated manner in order to avoid detection."
(Emphasis added.) See 18 U.S.C.S. app., U.S. Sent. Guidelines, app. C, amend. 484 (discussing 1993 amendment to definition of "mixture" set forth in the commentary to § 2D1.1). Thus, Fletcher argues that unless the legal substance is necessary for the use of an illegal drug, the legal substance should not count toward the weight of the illegal drug even if the legal substance is contained in a mixture with the illegal drug. See UnitedStates v. Rolande-Gabriel, 938 F.2d 1231 (11th Cir. 1991). We disagree.
The federal law's adoption of the concept of usability to restrict the term "mixture" comes from the 1993 amendment to the Sentencing Guidelines.[3] 18 U.S.C.S. app., U.S. Sent. Guidelines § 2D1.1, Appl. n. 1 (backg'd). This amendment was adopted in reaction to certain decisions of federal courts that adopted the plain meaning of the term "mixture" without a "usability" restriction. See 18 U.S.C.S. app., U.S. Sent. Guidelines, app. C, amend. 484 (stating that the 1993 amendment to the definition of "mixture" was brought about by certain decisions of the federal courts of appeal that included unusable substances in "mixtures" with usable controlled substances); see, e.g., United States v. Young, 992 F.2d 207 (8th Cir. 1993) (holding that the weight of the entire tablet and not just the amount of the illegal hydromorphine contained therein should be used to compute the defendant's sentence); United States v.Lopez-Gil, 965 F.2d 1124 (1st Cir.) (holding that fiberglass mixed with cocaine to form a suitcase should be counted with the cocaine for purposes of computing the proper sentence), cert. denied, 506 U.S. 981, 113 S.Ct. 484, 121 L.Ed.2d 388 (1992);United States v. Restrepo-Contreras, 942 F.2d 96 (1st Cir. 1991) (holding that the entire weight of beeswax-cocaine statutes should be used in determining defendant's sentence), cert. denied,502 U.S. 1066, 112 S.Ct. 955, 117 L.Ed.2d 123 (1992).
Unlike the United States Sentencing Commission, the Alabama Legislature has not adopted any guideline or statute that would restrict the concept of "mixture" to "usable mixture." Absent specific direction by the Legislature, we will not construe the term "mixture" contained in § 13A-12-231 (2) against its plain meaning and so reward the extraordinary ingenuity of the criminal mind. We hold that in determining whether a defendant has violated § 13A-12-231 (2), all legal substances that are contained in a "mixture" should be weighed along with the illegal drug contained therein.
 II. Application of the Definition of "Mixture"
The bag found in Fletcher's possession contained a solid piece of cocaine (a "rock") weighing 7.01 grams and two solid pieces of bar soap, weighing 7.9 grams and 56.72 grams, respectively. The two substances *Page 1136 
were not blended or diffused, but were easily separable and distinguishable from one another. Cf. Chapman,500 U.S. at 461-63, 111 S.Ct. at 1925-26. Thus, the pieces of bar soap were not contained in a "mixture" with the cocaine and cannot be counted toward the 28-gram requirement of § 13A-12-231 (2).
Without counting the weight of the pieces of bar soap, there is insufficient evidence to find Fletcher guilty of trafficking in 28 grams or more of cocaine under § 13A-12-231 (2). However, there is sufficient evidence to support a conviction of the lesser-included offense of unlawful possession of a controlled substance, as defined in § 13A-12-212.[4] Because the jury was instructed on the lesser-included offense of unlawful possession of a controlled substance, we remand this case to the Court of Criminal Appeals with instructions to remand the case to the trial court so that it may enter a judgment on the lesser-included offense and resentence Fletcher accordingly.[5]
See Ex parte Edwards, 452 So.2d 508, 510 (Ala. 1984) (citingDickenson v. Israel, 644 F.2d 308 (7th Cir. 1981)).
REVERSED AND REMANDED WITH INSTRUCTIONS.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, KENNEDY, and COOK, JJ., concur.
ALMON, J., concurs in the result.
[1] Section 13A-12-231 (2) refers to Ala. Code 1975, §20-2-25 (1). Section 20-2-25 (1) provides in pertinent part:
 "The controlled substances listed in this section are included in Schedule II:
". . . .
"(1) Any of the following substances . . .:
 "d. Coca leaves and any salt, compound, derivative or preparation of coca leaves and any salt, compound, derivative or preparation thereof which is chemically equivalent or identical with any of these substances, but not including decocanized coca leaves or extractions which do not contain cocaine or ecgonine."
(Emphasis added.) The emphasized language focuses on the nature, or chemical content, of coca leaves and extractions, not the degree of commingling of these by-products with cocaine. Thus, the reference in § 13A-12-231 (2) to the language quoted here from § 20-2-25 (1) defines the "controlled substance" cocaine, but does not define "mixture."
[2] The federal statute, 21 U.S.C. § 841 (b)(1)(A)(i)-(viii), provided minimum sentences corresponding to the weight of a "mixture or substance containing a detectable amount of" various controlled substances, including LSD. Chapman,500 U.S. at 461, 111 S.Ct. at 1925.
[3] We note that before the 1993 amendment to the Sentencing Guidelines certain federal courts relied on the "market-oriented approach" advanced in the legislative history of the federal statutes to restrict the plain meaning of "mixture" to only those mixtures that were usable. See, e.g., United States v. Johnson,999 F.2d 1192 (7th Cir. 1993) (taking the "market-oriented" approach, the court held that the wastewater left over from the manufacturing process of crack cocaine should not be included in computing the defendant's sentence). Because of the absence of any published transcripts of the proceedings of the Alabama House of Representatives or Senate, however, we must determine the intent of the Alabama Legislature from the language of the statute. Fuller v. Associates Commercial Corp., 389 So.2d 506,507 (Ala. 1980); Katz v. Alabama State Bd. of Med. Exam'rs,351 So.2d 890 (Ala. 1977); Adams v. Mathis, 350 So.2d 381 (Ala. 1977); Fletcher v. Tuscaloosa Fed. Sav. Loan Ass'n, 294 Ala. 173, 314 So.2d 51 (1975); State v. International Paper Co.,276 Ala. 448, 163 So.2d 607 (1964). Section 13A-12-231 (2) contains the term "mixture," and that section does not distinguish between usable and nonusable mixtures.
[4] Fletcher also contends that the State failed to present sufficient evidence that he was in constructive possession of the cocaine. Edward Smith, an investigator with the Huntsville Police Department's Narcotics Division, testified that when he apprehended Fletcher, Fletcher was in the backseat of the car and that the cocaine was next to Fletcher. Moreover, Smith testified that Fletcher had over $2,000 in his pants. Thus, there was sufficient evidence for the jury to find that Fletcher was in constructive possession of the cocaine. See German v. Slate,500 So.2d 478 (Ala.Crim.App. 1986) (constructive possession can be established by the fact that cocaine is found on the premises controlled by the defendant, and guilty knowledge may be established by the surrounding facts and circumstances).
[5] A person is guilty of trafficking in cocaine if he: (1) "knowingly sells, manufactures, delivers, or brings into this state, or is knowingly in actual or constructive possession of," (2) "28 grams or more of cocaine or of any mixture containing cocaine." Ala. Code 1975, § 13A-12-231 (2). A person is guilty of the unlawful possession of a controlled substance if he "possesses a controlled substance" (e.g., cocaine). Ala. Code 1975, § 13A-12-212 (a)(1). Thus, for the jury to return a verdict against Fletcher on the offense of the higher degree — trafficking in cocaine — it had to find the existence of every element of the lesser-included offense — the unlawful possession of a controlled substance.