JOEL GREGORY FOGLEMAN AND TAMMY MICHELLE FOGLEMAN v. D&J
EQUIPMENT RENTALS, INC.

No. 9218SC418

(Filed 20 July 1993)

1. **Master and Servant § 89 (NCI3d)— workers' compensation— settlement with third party—no waiver of employer's right to consent**

   The employer and its workers' compensation carrier did not waive their right to consent to an employee's settlement of his personal injury claim against a third party by indicating to the court that the amount of the settlement was sufficient; rather, they were merely saying that, since the amount of the settlement exceeded the amount of their lien and they would presumably be made whole, they had no objection to the settlement amount.

   **Am Jur 2d, Workers' Compensation §§ 374, 454.**

2. **Master and Servant § 89.4 (NCI3d)— workers' compensation— settlement with third party—subrogation lien—modification by court—unconstitutional retroactive application of statute**

   Where plaintiff worker was injured and workers' compensation benefits were paid to him prior to the effective date of the amendments to subsections (h) and (j) of N.C.G.S. § 97-10.2, 1 October 1991, the subrogation lien of the employer and its insurance carrier against the proceeds of a settlement with a third party vested prior to the amendments, and the trial court's modification of the amount of the lien pursuant to the amendments was an unconstitutional retroactive application of the statute. Furthermore, the settlement agreement was void under the version of the statute in effect when the lien vested since defendant employer did not give written consent thereto.

   **Am Jur 2d, Workers' Compensation § 416.**

Appeal by A. A. Ryan Ornamental Iron, Inc. and Liberty Mutual Insurance Company from order entered 27 January 1992 in Guilford County Superior Court by Judge William H. Freeman. Heard in the Court of Appeals 30 March 1993.

FOGLEMAN v. D&J EQUIPMENT RENTALS

[111 N.C. App. 228 (1993)]

*Smith, Helms, Mulliss & Moore, by Richmond G. Bernhardt, Jr. and Deborah L. Hayes, for defendant/appellants, A. A. Ryan Ornamental Iron, Inc. and Liberty Mutual Insurance Company.*

*Smith, Follin & James, by Norman B. Smith and Margaret Rowlett, for plaintiff/appellees.*

*Adams, Kleemeier, Hagan, Hannah & Fouts, by Larry I. Moore, III and David L. Goode, for defendant/appellee, D&J Equipment Rentals, Inc.*

MCCRODDEN, Judge.

This action arises out of a claim made by plaintiffs for injuries that plaintiff Joel Fogleman (Fogleman) sustained under circumstances warranting coverage under the Workers' Compensation Act, N.C. Gen. Stat. §§ 97-1 to -101 (1991). The dispositive issue raised by the case is whether it was error for the trial court to apply in this case the amended version of N.C.G.S. § 97-10.2, pertaining to subrogation procedure, which became effective 1 October 1991.

The particular facts giving rise to this case are as follows. On 13 February 1989, Fogleman, a welder employed by appellant A. A. Ryan Ornamental Iron, Inc. (Ryan), was injured when he fell from a platform that was being raised by a crane. Defendant D&J Equipment Rentals, Inc. (D&J) had provided the crane and an operator to Ryan for its use in the course of steel erection work. Following the accident, appellant Liberty Mutual Insurance Company (Liberty), Ryan's workers' compensation insurance carrier, admitted liability and paid workers' compensation benefits to Fogleman in the amount of $16,771.94 for temporary total disability and health care expenses. For Fogleman's permanent partial disability to the back, Liberty agreed to pay benefits amounting to $9,600.00. Fogleman also asserted a claim for permanent partial disability due to brain injury, a claim for which maximum recovery was $20,000.00. Liberty denied that Fogleman had received a compensable injury to his brain.

In addition to the workers' compensation claim, Fogleman filed a civil complaint against D&J, alleging negligence in the operation of the crane. D&J's answer denied negligence, asserted contributory negligence of Ryan and Fogleman, and further asserted that

Fogleman's recovery should be reduced by the amount of workers' compensation benefits that Fogleman received.

On the morning of 21 January 1992, the day set for trial, D&J and Fogleman reached a settlement agreement by which D&J agreed to pay Fogleman $77,500.00 in exchange for a release and dismissal of this action. Liberty did not participate in the settlement negotiations or the settlement agreement. Pursuant to N.C.G.S. § 97-10.2(j), the court then heard arguments concerning the adjustment of Liberty's subrogation lien on the settlement funds.

On 27 January 1992, the trial court filed an order finding, *inter alia*, that Liberty had paid $16,771.94 in benefits to Fogleman and had agreed to pay $9,600.00 more; that there was no agreement between Liberty and Fogleman as to whether the claim for brain injury would be compensated; that "it is likely that plaintiff Joel Gregory Fogleman would incur additional health care expenses in the future which would become the obligation of Liberty Mutual Insurance Company under the workers' compensation laws." In addition the court found:

> The court in its discretion, pursuant to the provisions of N.C.G.S. § 97-10.2(j), determines that the lien of Liberty Mutual Insurance Company should be adjusted and compromised, so that Liberty Mutual Insurance Company shall be entitled to have a recovery out of the settlement proceeds received by plaintiff Joel Gregory Fogleman, only to the extent and in the event the total amount it pays in workers' compensation benefits to or for the benefit of Joel Gregory Fogleman, shall exceed the sum of $26,371.94.

This order allowed Liberty to retain its lien only to the extent of benefits it might pay in the future, over and above any amounts it had previously agreed to pay. From this order, Liberty and Ryan appeal.

---

[1] Citing Article IV, Section 13 of the North Carolina Constitution, appellants argue that the trial court's application of the amended section 97-10.2 was unconstitutionally retroactive. It is clear that the trial court applied the amended version of section 97-10.2(h) to the case at hand. That version reads, in pertinent part:

> (h) In any proceeding against or settlement with the third party, every party to the claim for compensation shall have

## FOGLEMAN v. D&J EQUIPMENT RENTALS

[111 N.C. App. 228 (1993)]

a lien to the extent of his interest . . . upon any payment made by the third party by reason of such injury or death . . . and such lien may be enforced against any person receiving such funds. . . . [N]o release to or agreement with the third party shall be valid or enforceable for any purpose unless both employer and employee or his personal representative join therein; provided, that this sentence shall not apply . . . [i]f either party follows the provisions of subsection (j) of this section.

. . . .

(j) Notwithstanding any subsection in this section . . . in the event that a settlement has been agreed upon by the employee and the third party, either party may apply to the resident superior court judge of the county in which the cause of action arose, where the injured employee resides or the presiding judge before whom the cause of action is pending, to determine the subrogation amount. After notice to the employer and the insurance carrier, after an opportunity to be heard by all interested parties, and *with or without the consent of the employer*, the judge shall determine, in his discretion, the amount, if any, of the employer's lien . . . .

N.C.G.S. § 97-10.2 (emphasis added). Prior to 1 October 1991, section 97-10.2(h) provided that "[n]either the employee . . . nor the employer shall make any settlement . . . without the written consent of the other [unless] . . . the employer is made whole for all benefits paid or to be paid by him under this Chapter less attorney's fees . . . ." Appellants in this case gave no written consent to the settlement agreement, a fact which, under the unamended statute, would have produced a different result, as we discuss below. We note and reject appellees' contention that appellants waived their right to consent by indicating to the court that the amount of the settlement was sufficient. A common sense reading of the record indicates that appellants were merely saying that, since the amount of the settlement exceeded the amount of their lien and they would presumably be made whole, they had no objection to the settlement amount.

Ordinarily, statutes are presumed to act prospectively only, unless it is clear that the legislature intended that the law be applied retroactively. *Lee v. Penland-Bailey Co.*, 50 N.C. App. 498, 500, 274 S.E.2d 348, 350 (1981). The application of a statute is

deemed retroactive "when its operative effect is to alter the legal consequences of conduct or transactions completed prior to its enactment." *Gardner v. Gardner*, 300 N.C. 715, 718, 268 S.E.2d 468, 471 (1980). Under this definition, the trial court's application of the amended statute was retroactive.

A statute, however, "is not rendered unconstitutionally retroactive merely because it operates on facts which were in existence prior to its enactment. The proper question for consideration is whether the act as applied will interfere with rights which had vested or liabilities which had accrued at the time it took effect." *Booker v. Medical Center*, 297 N.C. 458, 467, 256 S.E.2d 189, 195 (1979). We believe that applying the amended version of N.C.G.S. § 97-10.2 interfered with appellants' vested right in their subrogation lien and with their right to consent to, or withhold consent from, appellees' settlement.

[2] Appellees do not contest that the appellants' lien against any settlement proceeds had vested at the time of the amendment, at least to the extent that they had paid or had committed to pay benefits to Fogleman. Rather, appellees contend that the amendment of the statute was merely a procedural change that left appellants' lien intact. We disagree. "Regardless of its procedural subject matter, no rule of procedure or practice may constitutionally be applied to abridge substantive rights." *Gardner*, 300 N.C. at 718, 268 S.E.2d at 471. Appellants' right to its subrogation lien was a substantive right.

In addition, in *Pollard v. Smith*, the North Carolina Supreme Court held that, under the then-existing version of section 97-10.2(h), a settlement agreement that was reached without the consent of the employer was void. 324 N.C. 424, 426, 378 S.E.2d 771, 773 (1989). If the settlement were void, then subsection (j), under which a subrogation lienholder's lien might be modified, would not even come into play. *Cf. Allen v. Rupard*, 100 N.C. App. 490, 397 S.E.2d 300 (1990) (allowing subrogation lien to be totally abrogated where lien holder had consented to the settlement). We believe that the holding in *Pollard* endowed subrogation lienholders, like appellants, with the right not to have their lien abridged without their consent. The amended version of section 97-10.2 affected that right by allowing a party to apply to Superior Court to have it determine the amount of the lien, *regardless of whether the lienholder had consented*. Because appellants paid workers' compensation bene-

fits to Fogleman prior to 1 October 1991, their lien and their right not to have that lien abridged under subsection (j) without their consent vested before the effective date of the amended version of section 97-10.2.

The trial court's application of the amended version of section 97-10.2 deprived appellants of vested rights and, thus, was unconstitutionally retroactive. The trial court should have applied the version of section 97-10.2 that was effective when appellants' lien vested, *i.e.*, the version prior to amendment. In so doing, it would have concluded, based upon the uncontested fact that appellants did not give written consent, that the settlement agreement was void. *Pollard*, 324 N.C. 424, 378 S.E.2d 771.

Given this result, we need not address the remainder of appellants' arguments. We reverse the order of the trial court and remand for proceedings consistent with this opinion.

Reversed and remanded.

Judges JOHNSON and ORR concur.