STATE OF NORTH CAROLINA v. CURTIS C. COWAN

No. COA09-1415

(Filed 21 September 2010)

**1. Appeal and Error— appeal noted orally—treated as motion for certiorari**

An appeal from an order requiring defendant to enroll in lifetime satellite-based monitoring that was noted orally in open court was not sufficient to confer jurisdiction on the Court of Appeals, but was considered as a petition for *certiorari* and was granted in the interests of justice.

**2. Satellite-Based Monitoring— applicable date of statute**

The trial court did not err by using N.C.G.S. § 14-208.40B as the procedural vehicle for determining whether defendant should be required to enroll in satellite-based monitoring (SBM). That statute applies to SBM proceedings initiated after 1 December 2007 even if those proceedings involved offenders who had been sentenced or had committed their offenses before that date.

STATE v. COWAN

[207 N.C. App. 192 (2010)]

**3. Constitutional Law— ex post facto—satellite-based monitoring**

There was no merit to defendant's contention that state and federal constitutional prohibitions of *ex post facto* laws were violated by an order subjecting him to lifetime enrollment in satellite-based monitoring (SBM) despite the fact that the SBM regime did not exist when he committed the acts which led to his conviction.

**4. Satellite-Based Monitoring— eligibility—solicitation to take indecent liberties**

Assuming that eligibility for satellite-based monitoring (SBM) should be determined based on the elements of the offense rather than on the event, solicitation to take an indecent liberty with a minor (the offense of which defendant was convicted) inherently involves the physical, mental, or sexual abuse of a minor as required for SBM.

**5. Satellite-Based Monitoring— notice—inadequate**

Defendant did not receive adequate notice of the Department of Correction's preliminary determination that he should be required to enroll in satellite-based monitoring where the notice did not specify the category of N.C.G.S. § 14-208.40(a) into which the Department had determined that defendant fell, nor did it briefly state the factual basis for the conclusion.

Judge ELMORE concurs in the result only.

Appeal by defendant from order entered 17 April 2009 by Judge John L. Holshouser, Jr., in Rowan County Superior Court. Heard in the Court of Appeals 15 April 2010.

*Attorney General Roy Cooper, by Assistant Attorney General Catherine M. (Katie) Kayser, for State.*

*Robert W. Ewing, for defendant.*

ERVIN, Judge.

Defendant Curtis C. Cowan appeals from a trial court order requiring him to enroll in lifetime satellite-based monitoring (SBM). After careful consideration of Defendant's challenges to the trial court's order in light of the record and the applicable law, we conclude that the trial court's order should be vacated and that this case should

be remanded to the trial court for a new SBM hearing to be held only after proper notice is given to Defendant.

## I. Factual Background

On 6 June 2005, a warrant for arrest charging Defendant with taking indecent liberties with a child was issued. On 11 July 2005, the Cabarrus County grand jury returned a bill of indictment charging Defendant with taking indecent liberties with a child. On 29 August 2007, the prosecutor, with Defendant's consent, signed an information charging Defendant with solicitation to take indecent liberties with a child. On the following day, Defendant entered pleas of guilty to one count of attempted second degree kidnapping and one count of solicitation to commit indecent liberties with a child. In return for Defendant's guilty pleas, the State voluntarily dismissed a statutory sexual offense charge, an intimidating a witness charge, a breaking or entering charge, and an habitual felon allegation. Based upon Defendant's guilty pleas, Judge W. Robert Bell entered judgments sentencing Defendant to a minimum term of 15 months and a maximum term of 20 months imprisonment in the custody of the North Carolina Department of Correction for attempted second degree kidnapping and sentencing Defendant to a consecutive minimum term of 9 months and a maximum term of 11 months in the custody of the Department of Correction for solicitation to take indecent liberties with a child. Judge Bell suspended Defendant's sentence for solicitation to take indecent liberties with a child and placed Defendant on supervised probation for a period of 36 months, subject to a number of terms and conditions. On 15 February 2008, Defendant elected to serve his suspended sentence rather than remain on supervised probation.

On 5 January 2009, the State scheduled a hearing to determine whether Defendant should be required to enroll in SBM. By means of a letter dated 8 January 2009, the Department of Correction notified Defendant of its initial determination that he was subject to SBM. The issue of whether Defendant should be required to enroll in SBM came on for hearing before the trial court on 6 March 2009 and 17 April 2009.

At the 6 March 2009 hearing, Probation Officer Lisa Foust stated that the results of Defendant's Static-99 risk assessment indicated that he had a "high risk for reoffending." In addition, Ms. Foust stated that she had obtained the "official crime version of what happened that Cabarrus County constructed after he was sentenced" and that this report indicated that Defendant had penetrated the four-year-old victim. On 17 April 2009, the trial court found that Defendant had

committed a reportable offense "involv[ing] the physical, mental or sexual abuse of a minor" and ordered him to enroll in SBM for "the remainder of [his] natural life." Defendant noted an appeal to this Court from the trial court's order.

## II. Legal Analysis

### A. Appropriateness of Defendant's Notice of Appeal

[1] The first issue that we must address is the extent, if any, to which Defendant's appeal is properly before this Court. Defendant's appeal from the trial court's order requiring him to enroll in lifetime SBM was noted orally in open court. According to *State v. Brooks,* —— N.C. App. ——, ——, 693 S.E.2d 204, 206 (2010), "oral notice pursuant to N.C.R.App. P. 4(a)(1) is insufficient to confer jurisdiction on this Court" in a case arising from a trial court order requiring a litigant to enroll in SBM. "Instead, a defendant must give notice of appeal pursuant to N.C.R.App. P. 3(a) as is proper 'in a civil action or special proceeding.' " *Id.* (quoting N.C.R. App. P. 3(a). N.C.R. App. P. 3(a) (2010) provides that appeals to the appellate courts in civil actions and special proceedings are required to be in writing, filed with the Clerk of Superior Court, and served upon all other parties. As a result of the fact that Defendant noted his appeal orally, rather than in writing, and the fact that " '[t]he provisions of [N.C.R. App. 3] are jurisdictional,' " *Stephenson v. Bartlett,* 177 N.C. App. 239, 241, 628 S.E.2d 442, 443 (quoting *Abels v. Renfro Corp.,* 126 N.C. App. 800, 802, 486 S.E.2d 735, 737 (1997); (citing *Currin-Dillehay Bldg. Supply Inc. v. Frazier,* 100 N.C. App. 188, 189, 394 S.E.2d 683 (1990), *disc. review denied,* 360 N.C. 544, 635 S.E.2d 58 (2006), we are required to dismiss Defendant's appeal.

In addition to attempting to use his oral notice as a means of invoking this Court's jurisdiction, Defendant has requested that we treat his brief as a petition for certiorari in the event that we found his oral notice of appeal to be ineffective. According to N.C.R. App. P. 21(a)(1) (2010), "[t]he writ of *certiorari* may be issued by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute on appeal has been lost by failure to take timely action." The effect of this Court's decision in *Brooks* is that Defendant was required to note an appeal from the trial court's SBM order in writing was that Defendant failed to note an appeal from the trial court's order in a timely manner, which is one of the reasons for which this Court is authorized to issue a writ of certiorari. We note that this Court's decision in *State v. Bare,* —— N.C. App. ——, ——, 677 S.E.2d 518, 524 (2009), which held that North Carolina's SBM statutes constituted a

civil and regulatory regime rather than a criminal punishment, was decided on 16 June 2009. This Court further explained in *State v. Singleton*, —— N.C. App. ——, ——, 689 S.E.2d 562, 565-66, *disc. review allowed*, 364 N.C. 131, —— S.E.2d (2010), which was decided on 5 January 2010, that, "for purposes of appeal, a[n] SBM hearing is not a 'criminal trial or proceeding' for which a right of appeal is based upon N.C. Gen. Stat. § 15A-1442 or N.C. Gen. Stat. § 15A-1444," so that jurisdiction to hear appeals from SBM hearings stems from N.C. Gen. Stat. § 7A-27. Finally, our decision in *Brooks* was issued on 18 May 2010. Defendant's appeal was noted on 17 April 2009, approximately two months before *Bare*, nine months before *Singleton*, and thirteen months prior to *Brooks*. As a result, at the time of his SBM hearing, Defendant would have needed a considerable degree of foresight in order to understand that an oral notice of appeal pursuant to N.C.R. App. P. 4(a)(1) was ineffective. Accordingly, "[i]n the interest of justice, and to expedite the decision in the public interest," *Brooks*, —— N.C. App. at ——, 693 S.E.2d at 206, we grant defendant's request that we consider his brief as a petition for the issuance of a writ of certiorari, issue the writ, and consider his challenges to the trial court's SBM order on the merits. *See also State v. Clayton*, —— N.C. App. ——, ——, —— S.E.2d ——, ——, 2010 N.C. App. Lexis 1451 *7 (2010).

## B. Effective Date of N.C. Gen. Stat. § 14-208.40B

**[2]** First, Defendant contends that the provisions of N.C. Gen. Stat. § 14-208.40B do not apply to cases involving offenses committed prior to the effective date of that statutory subsection. In essence, Defendant argues that, since N.C. Gen. Stat. § 14-208.40B is the only statutory vehicle under which individuals whose eligibility for SBM was not determined at the time that judgment was imposed can be ordered to enroll in SBM and since the offense upon which Defendant's eligibility for SBM was predicated was committed before the effective date of N.C. Gen. Stat. § 14-208.40B, the trial court lacked the authority to require individuals, such as Defendant, who committed crimes prior to the effective date of N.C. Gen. Stat. § 14-208.40B and whose eligibility for SBM was not determined at the time that judgment was imposed, to enroll in SBM. We disagree.

The original SBM statutes became effective on 16 August 2006 and applied (1) to any offenses "committed on or after that date" and (2) to "any person sentenced to intermediate punishment on or after that date and to any person released from prison by parole or post-release supervision on or after that date." 2006 N.C. Sess. L., c. 247, s.

15(1). On 11 July 2007, the Governor signed legislation enacting N.C. Gen. Stat. § 14-208.40A and N.C. Gen. Stat. § 14-208.40B, which established the procedures that were to be utilized in determining whether particular offenders would be required to enroll in SBM, among other SBM-related provisions. According to 2007 N.C. Sess. L., c. 213, s. 15:

> Section 2 of this act [N.C. Gen. Stat. § 14-208.40A] becomes effective December 1, 2007, and applies to sentences entered on or after that date. Section 6 of this act [failure to enroll a felony] becomes effective December 1, 2007, and applies to offenses committed on or after that date. Sections 7 [conditions of probation], 8 [conditions of parole] and 9 of this act [other post-release conditions] become effective on December 1, 2007 and apply to persons placed on probation, parole, or post-release supervision on or after that date. Section 9A [reporting requirements amended] becomes effective December 1, 2007. The remainder of this act [including Section 3, which contained N.C. Gen. Stat. § 14-208.40] is effective when it becomes law.

Thus, N.C. Gen. Stat. § 14-208.40B initially became effective 11 July 2007. However, 2007 N.C. Sess. L., c. 484, s. 42, a technical corrections bill enacted on 2 August 2007, changed the effective date of N.C. Gen. Stat. § 14-208.40B from 11 July 2007 to 1 December 2007. Thus, except for its applicability during the brief period of time between 11 July 2007 and 2 August 2007, N.C. Gen. Stat. §14-208.40B took effect on 1 December 2007.

Judge Bell entered judgment against Defendant in the solicitation to take indecent liberties with a minor case on 30 August 2007, with his crime allegedly having been committed on 1 April 2005. The issue of Defendant's eligibility for SBM was not addressed at the time that judgment was entered. As of 1 December 2007, no hearing had been held for the purpose of determining whether Defendant should be required to enroll in SBM. According to N.C. Gen. Stat. § 14-208.40B, "[w]hen an offender is convicted of a reportable conviction as defined by [N.C. Gen. Stat. §] 14-208.6(4), and there has been no determination by a court on whether the offender shall be required to enroll in satellite-based monitoring . . . ," the Department of Correction is authorized to institute a proceeding to determine Defendant's eligibility for SBM. N.C. Gen. Stat. § 14-208.40B(a). As a result, since Defendant had a reportable con-

viction[1] and since his eligibility for SBM had not yet been determined, the procedures set out in N.C. Gen. Stat. § 14-208.40B provide an appropriate vehicle for use in determining whether Defendant should be required to enroll in SBM, as long as they are applicable in cases involving offenders convicted prior to 1 December 2007.

The issue of whether the State was entitled to seek to have Defendant enrolled in SBM pursuant to the procedures outlined in N.C. Gen. Stat. § 14-208.40B is, at least in the first instance, a matter of statutory construction. "The principal goal of statutory construction is to accomplish the legislative intent." *Lenox, Inc. v. Tolson*, 353 N.C. 659, 664, 548 S.E.2d 513, 517 (2001) (citing *Polaroid Corp. v Offerman*, 349 N.C. 290, 297, 507 S.E.2d 284, 290 (1998)). "The best indicia of that intent are the language of the statute . . . , the spirit of the act and what the act seeks to accomplish." *Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 629, 265 S.E.2d 379, 385 (1980) (citing *Stevenson v. City of Durham*, 281 N.C. 300, 188 S.E.2d 281 (1972)). "[S]tatutes dealing with the same subject matter must be construed *in pari materia*, as together constituting one law." *Bare*, —— N.C. App. at ——, 677 S.E.2d at 523 (quoting *Williams v. Alexander County Bd. of Educ.*, 128 N.C. App. 599, 603, 495 S.E.2d 406, 408 (1988)) (citation and quotation marks omitted). " 'In discerning the intent of the General Assembly, statutes *in pari materia* should be construed together and harmonized whenever possible.' " *Id.* (quoting *State v. Jones*, 359 N.C. 832, 836, 616 S.E.2d 496, 498 (2005)).

The basic legal principles underlying the SBM program are set out in N.C. Gen. Stat. § 14-208.40, which is essentially identical to former N.C. Gen. Stat. § 14-208.33.[2] 2006 N.C. Sess. L., c. 247, s. 15. In essence, N.C. Gen. Stat. § 14-208.40 and its predecessor required the Department of Correction to create the SBM program and set out various substantive provisions identifying the individuals who should be required to enroll in that program. N.C. Gen. Stat. § 14-208.40A, which applies to SBM-related determinations made at the time of sentencing, and N.C. Gen. Stat. § 14-208.40B, which, as we have previously noted, applies to SBM-related determinations made after sentencing,

---

1. In his brief, Defendant contends that he did not have a reportable conviction of the type necessary for SBM eligibility. However, the validity of Defendant's contention hinges on acceptance of his claim that N.C. Gen. Stat. § 14-208.40B has no application to his situation. Given our disagreement with Defendant's position on that issue, we are unable to accept his contention that he lacked the necessary reportable conviction as well.

2. The only difference between the two statutory provisions is that N.C. Gen. Stat. § 14-208.40(a)(3) provides that "offenders . . . convicted of [violating N.C. Gen. Stat.

were enacted for the purpose of establishing the procedures to be utilized in determining whether specific individuals were required to enroll in SBM. As a result, we conclude that N.C. Gen. Stat. § 14-208.40A and N.C. Gen. Stat. § 14-208.40B were intended to augment, and not to supersede, N.C. Gen. Stat. § 14-208.40 and its predecessor and must be interpreted *in pari materia* with each other and with N.C. Gen. Stat. § 14-208.40 so as to avoid the creation of conflicts among and gaps in the relevant statutory provisions. The most appropriate way to accomplish that goal is to construe N.C. Gen. Stat. § 14-208.40 as setting out the substantive law concerning SBM eligibility and to construe N.C. Gen. Stat. § 14-208.40A and N.C. Gen. Stat. § 14-208.40B as governing the procedures to be utilized in applying the substantive rules set out in N.C. Gen. Stat. § 14-208.40. The adoption of any other approach would create a risk that conflicting substantive SBM-related rules would exist.

In view of the fact that the original SBM legislation, which was effective at the time that judgment was imposed upon Defendant, applied to any offenders "sentenced to intermediate punishment on or after" 16 August 2006, 2006 N.C. Sess. L., c. 247, s. 15(1), and the fact that Defendant received a probationary sentence on 30 August 2007, it is clear that Defendant was subject to the possibility of an SBM enrollment requirement as a matter of substantive law from and after the date upon which he pled guilty to solicitation to take indecent liberties with a minor. Since, as we have already established, the provisions of N.C. Gen. Stat. § 14-208.40B are essentially procedural in nature and since "statutes relating to modes of procedure are generally held to operate retroactively," *State v. Green*, 350 N.C. 400, 404-05, 514 S.E.2d 724, 727 (1999) (citing *Smith v. Mercer*, 276 N.C. 329, 338, 172 S.E.2d 489, 495 (1970), *cert. denied*, 540 S.E.2d 351 (1999),[3] we conclude that N.C. Gen. Stat. § 14-208.40B applies to SBM proceedings initiated after

---

§ 14-27.2A or N.C. Gen. Stat. § 14-27.4A] shall be enrolled in [SBM] for the offender's natural life" while there is no equivalent provision in former N.C. Gen. Stat. § 14-208.33.

3. In light of our conclusion that N.C. Gen. Stat. § 14- 208.40B is a procedural, rather than a substantive statute, we disagree with Defendant's reliance on the principle that "statutes are presumed to act prospectively only," *Fogleman v. D & J Equipment Rentals, Inc.*, 111 N.C. App. 228, 431 S.E.2d 849 (1993) (citing *Lee v. Penland-Bailey Co.*, 50 N.C. App. 498, 500, 274 S.E.2d 348, 350 (1981)) *disc. review denied*, 335 N.C. 172, 436 S.E.2d 374 (1993), since it is clear from the context of our decision in *Fogleman* that the principle upon which Defendant relies applies to statutory provisions that " 'alter the legal consequences of conduct or transactions completed prior to its enactment.' " *Id.* (quoting *Gardner v. Gardner*, 300 N.C. 715, 718, 268 S.E.2d 468, 471 (1980). Since Defendant was potentially subject to a requirement that he enroll in SBM for reasons completely unrelated to the enactment of N.C. Gen. Stat. § 14-208.40B, the principle upon which Defendant relies has no application to the present situation.

1 December 2007, even if those proceedings involved offenders who had been sentenced or had committed the offenses that resulted in their eligibility for SBM before that date.[4] Acceptance of Defendant's argument to the contrary would create an anomalous situation under which offenders whose SBM eligibility was evaluated at the time of sentencing could be required to enroll in SBM, while those whose eligibility for SBM was not evaluated at that time could not be ordered to enroll solely because SBM-related issues were not addressed at sentencing. We do not believe that the General Assembly intended such a result. Thus, the trial court did not err by utilizing N.C. Gen. Stat. § 14-208.40B as the procedural vehicle for determining whether Defendant should be required to enroll in SBM.

### C. Constitutionality of the SBM Program

**[3]** Secondly, Defendant contends that the statutory scheme providing for an offender's enrollment in SBM is punitive in nature and that, for that reason, the trial court's order subjecting him to enrollment in life-time SBM despite the fact that the SBM regime did not exist as of the date upon which he committed the acts that led to his conviction for solicitation to take indecent liberties with a child violates the state and federal constitutional provisions against *ex post facto* laws. This Court has repeatedly held that the statutory provisions requiring that certain offenders enroll in SBM constitute a civil, regulatory scheme rather than a criminal punishment and that a trial court order requiring a defendant similarly-situated to Defendant to enroll in SBM does not result in a violation of the constitutional prohibitions against *expost facto* laws, *State v. Vogt,* —— N.C. App. ——, ——, 685 S.E.2d 23, 27 (2009); *State v. Morrow,* —— N.C. App. ——, ——, 683 S.E.2d 754, 758, *disc. review as to additional issues denied,* 363 N.C. 747, 689 S.E.2d 372 (2009); *State v. Wagoner,* —— N.C. App. ——, ——, 683 S.E.2d 391, 399 (2009); *Bare,* —— N.C. App. at ——, 677 S.E.2d at 531, and we are bound by those prior holdings. *In re Appeal from Civil Penalty,* 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (stating that, "[w]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court"). As a result, Defendant's contention that requiring a person in his position to enroll in lifetime

---

4. Although Defendant also urges us to adopt his preferred resolution of the effective date issue in order to avoid constitutional issues arising under the provisions of the state and federal constitutions prohibiting the enactment of *ex post facto* laws, we find this principle of little relevance to our analysis given that, for the reasons set forth below, North Carolina's SBM statutes do not contravene the *ex post facto* provisions of either constitution.

SBM violates the constitutional prohibition against the enactment of *ex post facto* laws lacks merit.

### D. Sufficiency of the Evidence to Support the Imposition of SBM Upon Defendant

[4] Next, Defendant argues that the trial court erred by finding that he should be required to enroll in SBM on the grounds that "the offense of which the defendant was convicted involved the physical, mental, or sexual abuse of a minor . . . ." We disagree.

According to N.C. Gen. Stat. § 14-208.40(a)(2), "[a]ny offender who satisfies all of the following criteria: (i) is convicted of a reportable conviction as defined by [N.C. Gen. Stat. §] 14-208.6(4), (ii) is required to register under Part 2 of Article 27A of Chapter 14 of the General Statutes, (iii) has committed an offense involving the physical, mental, or sexual abuse of a minor, and (iv) based on the Department's risk assessment program requires the highest possible level of supervision and monitoring" may be required to enroll in SBM. In challenging the trial court's order, Defendant argues that the determination of whether he had committed an offense involving "the physical, mental, or sexual abuse of a minor" should be based upon an examination of the elements of the offense for which he had been convicted and that an analysis of the elements of solicitation to take indecent liberties with a minor demonstrates that guilt of that offense does not necessarily "involv[e] the physical, mental, or sexual abuse of a minor." Assuming, without deciding, that an elements-based approach rather than a event-based approach should be utilized in determining Defendant's eligibility for SBM under N.C. Gen. Stat. § 14-208.40(a)(1) and N.C. Gen. Stat. § 14-208.40B(c), we conclude that the trial court correctly found that Defendant was eligible for SBM.

The elements of taking indecent liberties with a child in violation of N.C. Gen. Stat. § 14-202.1 are that "(1) the defendant was at least 16 years of age, (2) he was five years older than his victim, (3) he willfully took or attempted to take an indecent liberty with the victim, (4) the victim was under 16 years of age at the time the alleged act or attempted act occurred, and (5) the action by the defendant was for the purpose of arousing or gratifying sexual desire." *State v. Rhodes*, 321 N.C. 102, 104-05, 361 S.E.2d 578, 580 (1987) (citing *State v. Hicks*, 79 N.C. App. 599, 399 S.E.2d 806 (1986)). The "gravamen of the crime of solicitation" to commit a felony is "[c]ounseling, enticing or inducing another to commit a crime," with such unlawful "[s]olicitation being complete when the request to commit a crime is made, regardless of

whether the crime solicited is ever committed or attempted." *State v. Richardson*, 100 N.C. App. 240, 247, 395 S.E.2d 143, 147-48 (1990) (citing *State v. Furr*, 292 N.C. 711, 720, 235 S.E.2d 193, 199, *cert. denied*, 434 U.S. 924, 98 S. Ct. 402, 54 L. Ed. 2d 281 (1977), and *State v. Mann*, 317 N.C. 164, 169, 345 S.E.2d 365, 368 (1986)), *disc. review denied and appeal dismissed*, 372 N.C. 641, 399 S.E.2d 332 (1990). Therefore, the elements of the crime of solicitation to take indecent liberties with a minor are that the defendant (1) requests another person, (2) who is at least 16 years old and (3) five years older than the victim to (4) willfully take or attempt to take an indecent liberty with the victim (5) at a time when the victim was under sixteen years of age (6) for the purpose of arousing or gratifying sexual desire. Thus, the ultimate issue before the trial court, assuming that an elements-based approach of the type required in connection with the "aggravated offense" provision of N.C. Gen. Stat. § 14-208.40(a)(1), *State v. Singleton*, —— N.C. App. ——, ——, 689 S.E.2d 562, 568-69, *disc. review allowed*, 364 N.C. 131, —— S.E.2d (2010); *State v. Davison*, —— N.C. App. ——, ——, 689 S.E.2d 510, 517 (2009), must be used in applying the "physical, mental or sexual abuse" provision of N.C. Gen. Stat. § 14-208.40(a)(2), was whether an individual whose conduct is encompassed within the elements of solicitation to take indecent liberties with a child has "committed an offense involving the physical, mental, or sexual abuse of a minor." In order to properly resolve that question, we must focus on the statutory language requiring the Defendant's conduct to "involve" the "physical, mental, or sexual abuse of a minor."

"Involving" is defined as "to have within or as part of itself" or "to require as a necessary accompaniment" *Webster's Ninth New Collegiate Dictionary* (1991). The fundamental deficiency in Defendant's challenge to the trial court's finding is its assumption that, in order for an offense to "involve" the "physical, mental, or sexual abuse of a minor," actual "physical, mental, or sexual abuse" of the victim must occur. Instead, given the fact that the word "involve" encompasses an act that would have the "physical, mental, or sexual abuse of a minor" as a "necessary feature or consequence" as well as "including or containing" such abuse, we believe that eligibility for SBM under N.C. Gen. Stat. § 14-208.40(a)(2) includes both completed acts and acts that create a substantial risk that such abuse will occur. Thus, an act which rises to the level of a completed taking indecent liberties with a minor inevitably has "within or as part of itself" the "physical, mental, or sexual abuse of a minor." Similarly, in view of the fact that an unlawful attempt to take indecent liberties with a

**STATE v. COWAN**

[207 N.C. App. 192 (2010)]

child requires proof of " '(1) the intent to commit the substantive offense, and (2) an overt act done for that purpose which goes beyond mere preparation, but (3) falls short of the completed offense,' " *State v. Ellis*, 188 N.C. App. 820, 825, 657 S.E.2d 51, 54, *disc. review denied*, 362 N.C. 365, 664 S.E.2d 313 (2008) (quoting *State v. Coble*, 351 N.C. 448, 449, 527 S.E.2d 45, 46 (2000) (citations and quotations omitted)), and the fact that an overt act of the type necessary to permit a finding of liability for attempt may constitute such abuse itself and, at a minimum, inherently encompasses a substantial risk that the sexual abuse of a minor will occur, we conclude that an attempt to take an indecent liberty with a child has "within or as part of itself" "the physical, mental, or sexual abuse of a minor" for purposes of N.C. Gen. Stat. § 14-208.40(a)(2) as well. Finally, although guilt of unlawful solicitation to take an indecent liberty with a minor need not involve the commission of the completed crime, we believe that an effort to "counsel, entice, or induce" another to commit an indecent liberty with a minor also creates a substantial risk that the "physical, mental, or sexual abuse of a minor" will occur, so that such a solicitation has the sexual abuse of a minor "as a "necessary accompaniment." Thus, since the offense of solicitation to take an indecent liberty with a minor inherently "involves" the "physical, mental, or sexual abuse of a minor," we conclude that the trial court did not err by concluding that Defendant was subject to enrollment in SBM pursuant to N.C. Gen. Stat. § 14-208.40(a)(2).[5]

### E. Notice

[4] Finally, Defendant argues that he did not receive adequate notice of the basis for the Department of Correction's preliminary determination that he should be required to enroll in SBM. We agree.

The version of N.C. Gen. Stat. § 14-208.40B(b) in effect at the time of Defendant's SBM proceeding provided that, "[i]f the Department determines that the offender falls into one of the categories described in [N.C. Gen. Stat. §] 14-208.40(a), the Department shall schedule a hearing in the court of the county in which the offender resides" and

---

5. We note, however, that an individual required to enroll in SBM pursuant to N.C. Gen. Stat. § 14-208.40(a)(2) is only subject to mandatory participation in the SBM program for a term of years rather than for life. N.C. Gen. Stat. § 14-208.40B(c); N.C. Gen. Stat. § 14-208.41((b). As a result, the trial court erred by ordering that Defendant enroll in lifetime SBM as compared to subjecting him to SBM for a term of years. However, given that we are reversing the trial court's order and remanding this case to the trial court for a new SBM hearing for notice-related reasons, we need not afford any direct relief based upon this error given that it is not likely to recur as a result of the proceedings on remand.

"notify the offender of the Department's determination and the date of the scheduled hearing. . . ." 2007 N.C. Sess. L., c. 213, s. 3. In *State v. Stines*, —— N.C. App. ——, ——, 683 S.E.2d 411, 418 (2009), this Court held that the Department's notice obligation under N.C. Gen. Stat. § 14-208.40B(b) "mandates that the Department, in its notice, specify the category set out in N.C. Gen. Stat. § 14-208.40(a) into which the Department has determined the offender falls and briefly state the factual basis for that conclusion." As a result, at the time that an SBM hearing is scheduled for an offender pursuant to N.C. Gen. Stat. § 14-208.40B, the version of N.C. Gen. Stat. § 14-208.40B(b) applicable to this proceeding required the Department to provide notice to the offender of the reason that the Department believed that he or she should be required to enroll in SBM and the basis for that determination.

The initial notice that the Department sent to Defendant on 8 January 2009 stated, among other things, that:

> The Department of Correction has made the initial determination that you meet the criteria set out in General Statute 14-208.40(a), which requires your enrollment in Satellite Based Monitoring. Therefore, a Determination Hearing has been scheduled in Rowen [sic] County Superior Court on Friday, January 30, 2009 at 9:30 [a.m]. The Court will review your case to make a determination concerning your eligibility for Satellite Based Monitoring. At this hearing, you will have the opportunity to contest evidence presented by the State that you are subject to the Satellite Based Monitoring program.

Although the notice sent to Defendant adequately informed him of the date, time, and location of his SBM hearing, it failed to "specify the category set out in N.C. Gen. Stat. § 14-208.40(a) into which the Department ha[d] determined" that Defendant fell or to "briefly state the factual basis for that conclusion." *Stine*, —— N.C. App. at ——, 683 S.E.2d at 418. For that reason, we conclude that Defendant did not receive adequate notice of the Department's preliminary determination in violation of N.C. Gen. Stat. § 14-208.40B(b) and that the trial court's order should be reversed and this case remanded to the Rowan County Superior Court for a new SBM hearing, prior to which Defendant must be provided with adequate notice.

### III. Conclusion

Thus, for the reasons set forth above, we conclude that Defendant did not receive adequate notice as required by N.C. Gen. Stat. § 14-208.40B(b) prior to his SBM hearing and that this deficiency in the proceedings leading to the trial court's order necessitates an

award of appellate relief. As a result, the trial court's order is reversed and this case is remanded to the Rowan County Superior Court for a new SBM hearing, prior to which adequate notice must be provided to Defendant.

REVERSED AND REMANDED.

Judge BRYANT concurs.

Judge ELMORE concurs in result only.