An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

COA14-281

NORTH CAROLINA COURT OF APPEALS

Filed: 5 August 2014

STATE OF NORTH CAROLINA

v.                                    McDowell County
                                      Nos. 02 CRS 52509-11
KENNETH ALLAN STYLES


Appeal by defendant from orders entered 28 October 2013 by Judge Robert T. Sumner in McDowell County Superior Court. Heard in the Court of Appeals 21 July 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Joseph Finarelli, for the State.*
>
> *James N. Freeman, Jr., for defendant-appellant.*


HUNTER, JR., Robert N., Judge.


Defendant appeals from three orders requiring him to enroll in lifetime satellite-based monitoring ("SBM") pursuant to N.C. Gen. Stat. § 14-208.40B (2013). Recognizing that his oral notice of appeal was invalid, *see State v. Cowan*, 207 N.C. App. 192, 195, 700 S.E.2d 239, 241 (2010), defendant has filed a petition for writ of certiorari to review the orders. We allow defendant's petition and hold that the trial court erroneously

found in each case that he was convicted of an "aggravated offense" under N.C. Gen. Stat. § 14-208.6(1)(a) (2013). Accordingly, we reverse the SBM orders and remand for further proceedings.

In 02 CRS 52509-11, defendant pled guilty to three counts of taking indecent liberties with a child, a "sexually violent offense" requiring defendant to register as a sex offender. *See* N.C. Gen. Stat. §§ 14-208.6(4)-(5), 14-208.7 (2013). Following defendant's release from prison in 2012, the District Attorney scheduled a "bring-back" hearing under N.C. Gen. Stat. § 14-208.40B to determine whether defendant was subject to SBM under the Sex Offender and Public Protection Registration Program, N.C. Gen. Stat. Ch. 14, art. 27A (2013). At the conclusion of the hearing, the trial court found in 02 CRS 52509 and 52510 that defendant was convicted of the "aggravated offense" of statutory rape of a person 13, 14, or 15 years of age by an adult at least six years older than the victim under N.C. Gen. Stat. § 14-27.7A(a) (2013).[1] The court further found that defendant's conviction for indecent liberties in 02 CRS 52511 was an "aggravated offense." Based on these findings, the court

---

[1]In open court, the judge stated that defendant was convicted of "an aggravated offense, and that is statutory rape of [a child] under six years old – six or under[.]"

ordered defendant to enroll in the SBM program for the remainder of his natural life.

Under the Sex Offender and Public Protection Registration Program, an offender is subject to lifetime SBM if he or she is (1) a recidivist, (2) convicted of an aggravated offense, (3) a sexually violent predator, or (4) convicted under N.C. Gen. Stat. §§ 14-27.2A or 14-27.4A (2013). *See* N.C. Gen. Stat. § 14-280.40B(c) (2013). A court may impose SBM for a specific period short of the offender's life if the offense of conviction involved the "physical, mental, or sexual abuse of a minor" and the court determines that, "based on the Division of Adult Correction's risk assessment, the offender requires the highest possible level of supervision and monitoring." N.C. Gen. Stat. § 14-208.40B(c); *see also State v. Cowan*, 207 N.C. App. at 203, 700 S.E.2d at 246.

Defendant now argues, and the State concedes, that his convictions for taking indecent liberties with a child in 02 CRS 52509-11 do not qualify as aggravated offenses. We agree. *See State v. Davison*, 201 N.C. App. 354, 361-62, 689 S.E.2d 510, 515-16 (2009). Because the court imposed lifetime SBM based solely on the ground that defendant had been convicted of an aggravated offense, we vacate the court's orders and remand for

a new hearing pursuant to N.C. Gen. Stat. § 14-208.40B. *See id.* at 364–65, 689 S.E.2d at 517.

Defendant further claims that the trial court's imposition of lifetime SBM violated his constitutional right to due process. As the State observes, however, defendant failed to present this issue to the trial court. *See* N.C.R. App. P. 10(a)(1). "Therefore, defendant has failed to preserve this constitutional issue for appeal." *State v. Mills*, ___ N.C. App. ___, ___, 754 S.E.2d 674, 678 (2013).

Finally, defendant contends that requiring him to enroll in the SBM program violates the constitutional ban on *ex post facto* laws. Assuming this claim is properly before us, *see* N.C.R. App. P. 10(a)(1), we are bound by our Supreme Court's holding that "subjecting defendants to the SBM program does not violate the Ex Post Facto Clauses of the state or federal constitution." *State v. Bowditch*, 364 N.C. 335, 352, 700 S.E.2d 1, 13 (2010).

Vacated and remanded.

Judges BRYANT and STROUD concur.

Report per Rule 30(e).